**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 26-CR-20549, 1-2
Honorable Linda V. Parker

VINCENT JACOBUS MUNSTER,
CLAUDE YINDA KWE

Defendant.
________________________________/

## CRIMINAL TRIAL NOTICE AND SCHEDULING ORDER

This Order is intended to eliminate unnecessary discovery motions and to expedite the presentation of evidence and the examination of witnesses. To the extent it conflicts with any administrative order in this District, this Order shall govern.

| **YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES** | |
|---|---|
| Interpreter Request Shall be Made by the Government, to Court Services: | At Least 10 Days Prior to any Court Appearance |
| Pretrial Motions (except Motions in Limine) due: | September 24, 2026 |
| Plea Cutoff (Signed Rule 11 Plea Agreement must be submitted to the Court two business days prior): | October 13, 2026 |
| Witness Lists, Proposed Voir Dire, Proposed Jury Instructions and Proposed Verdict Form (submitted directly to chambers) due: | TBD |
| Motions in Limine due: | October 15, 2026 |
| Final Pretrial Hearing | October 13, 2026 at 3:00 p.m. |
| Trial Date | October 20, 2026 at 9:00 a.m. |

***** Defense counsel <u>must</u> contact the Court at least three (3) business days before the scheduled plea hearing date <u>if a plea hearing is not needed</u> and the defendant wishes to proceed to trial.**

**ATTORNEY CONFERENCE AND DISCLOSURE**

Within ten (10) days of the date of arraignment, government and defense counsel shall meet and confer to resolve or minimize the issues in controversy.

Upon the request of defense counsel, government counsel shall:

(A) provide defense counsel with the information described in Federal Rule of Criminal Procedure 16(a)(1); and

(B) permit defense counsel to inspect and copy or photograph any exculpatory/impeachment evidence within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 150 (1972).

A list of such evidence shall be prepared and signed by all counsel. Copies of the items which have been disclosed shall be initialed or otherwise marked.

Nothing in this Order shall be construed to require the disclosure of *Jencks* Act (18 U.S.C. § 3500) material prior to the time that its disclosure is required by law. Nevertheless, the Court urges the government to disclose *Jencks* Act materials well in advance of trial. In the event that some materials are not disclosed sufficiently in advance of a government witness' testimony, the Court will allow a reasonable amount of additional time during trial for the defense to prepare before proceeding.

**DISCLOSURE DECLINED**

If in the judgment of government counsel, it would be detrimental to the government's interests to make any of the disclosures set forth in the paragraph above, the government shall file a motion within the ten-day period seeking relief from this Order and setting forth the specific reasons therefore.

**CONTINUING DUTY**

The duty to disclose is continuing, even throughout the trial.

**DISCOVERY BY THE GOVERNMENT**

Nothing in these procedures is designed to preclude discovery by the government under the Federal Rules of Criminal Procedure, nor to alter the Defendant's obligation, if any, under Rule 16(b).

## E-FILING

ALL attorneys must become familiar with the District's Local Rules, including the ECF Policies and Procures, and this Court's Practice Guidelines.

Courtesy copies of appendices submitted in support of motions that have been e-filed must be furnished to chambers where: (1) exhibits contain materials that cannot be understood adequately in copied form (e.g., color photographs, color graphs, and charts);
(2) the appendix exceeds 50 pages in length; or (3) there are more than three exhibits. Courtesy copies should be sent by regular mail, posted within (1) business day of the e-filing date. Copies should be directed to chambers, not filed with the Clerk's Office. Exhibits submitted in support of a motion must be tabbed.

## PRE-TRIAL MOTIONS

As set forth in Local Criminal Rule 12.1, motions must be filed in accordance with LR 7.1. Thus, motions must contain a table of contents, an index of authorities, and an index of exhibits attached to the brief. Additionally, concurrence must be sought before filing a motion. *See* LR 7.1(a).

The deadline for filing pretrial motions is set forth in this Order.

## EXHIBITS

1. **Marking of Exhibits:** All exhibits must be marked in advance of trial using consecutive numbers (for the government) and letters (for the defendant).

2. **List of Exhibits:** A list of proposed exhibits shall be submitted directly to chambers by each of the parties by the deadline established by the Court. However, no later than one (1) week before the Final Pretrial Conference, each party shall make available for inspection all exhibits which that party will introduce at trial. This provision shall not extend the time for disclosure and inspection of material previously ordered herein.

3. **Foundation Issues and Motions in Limine:** Motions in limine and any notices of intent to contest foundation, chain-of-custody, or scientific analysis shall be filed by the deadline for motions in limine, as set forth in the Court's Criminal Trial Notice and Standing Order. Any notice of intent to contest foundation, chain-of-custody, or scientific analysis shall set forth a good faith basis for the objection for each item or exhibit.

   When defense counsel has inspected an exhibit which the government intends to introduce into evidence, the foundation for its receipt into evidence will bedeemed

established unless defense counsel files a notice with the Court at or before the Final Pretrial Conference that the foundation for admission into evidence of the exhibit will be contested.

4. **Objections to Exhibits:** This Order shall not affect the right of a party to object at the time of trial to the introduction of an exhibit other than on the basis of authentication and foundation.

5. **Custody and Record of Admitted Exhibits:** Counsel is required to maintain a record of all admitted exhibits during trial. Counsel for each party must keep custody of that party's admitted exhibits during trial. A party who objects to this provision must file a written objection prior to jury selection.

6. **Publication of Exhibits During Trial:** The Court encourages parties to use electronic projection to publish exhibits during trial in a manner that allows the jury, court, attorneys, and parties to view the exhibit simultaneously. Parties are responsible for providing equipment for such purpose and should contact the Court's Case Manager to obtain permission to bring such equipment into the courthouse. If photographs and documentary exhibits are not published electronically, then the party must prepare exhibit books for the Court and each juror. Whether or not exhibits are published electronically, a separate exhibit book should be prepared and made available to a witness who is to be questioned about an exhibit.

7. **Preparing Exhibits for Jury Deliberation:** Counsel must confer and purge from one set of binders or files all exhibits not admitted during the course of trial. Originals of all exhibits admitted at trial should be ready to be turned over to the jury foreperson before closing jury instructions so that jury deliberations are not delayed.

8. **Full Disclosure:** Computer generated visual or animated evidence, together with underlying data, must be disclosed to opposing counsel at least one week before the start of trial.

9. **Penalty:** A party who does not abide by these provisions may be subject to sanctions, including the preclusion of the introduction of exhibits at trial by the offending party.

## SCIENTIFIC ANALYSIS

When a defendant has been made aware of the existence of scientific analysis of an exhibit (which analysis has been determined by an expert in the relevant field of science), the results of the scientific analysis of the exhibit and the opinion of the scientist will be admitted into evidence unless the defendant files a notice with the Court prior to the Final Pretrial Conference, indicating that the scientific analysis of the exhibit will be contested. Such notice shall state whether the expert is desired as a witness.

## WITNESS LIST

Prior to the final pretrial conference, each party shall submit directly to chambers a list of witnesses by name and agency (if appropriate), whom the party reasonably anticipates it will call to testify at trial, noting the approximate amount of time it anticipates will be needed for examination of each such witness. This list should NOT be electronically filed or otherwise submitted to the Clerk's Office. All witnesses, including law enforcement personnel, are to testify in plain clothes.

## JURY INSTRUCTIONS

The parties must meet and confer prior to trial to discuss jury instructions. By the deadline established by the Court, the parties must submit directly to chambers a single set of proposed stipulated jury instructions and verdict form.

The Court has its own standard introductory and concluding instructions. Each party is responsible for submitting all instructions related to the specific charges or defenses, and special instructions relating to evidence. The Court will usually instruct the jury using the Sixth Circuit's pattern jury instructions when available.

All proposed instructions are to be submitted in typewritten form (double spaced) and **must be in Word format**. Each instruction shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08"), and shall be on a separate page. In addition, each party must submit separately to chambers all additional proposed instructions (in the same form) to which any other party objects. Nevertheless, the parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching an agreement as to an acceptable form. The Court will resolve disputes at the final pretrial conference.

The jury is charged before the final argument and will be provided a copy of the final instructions to take into the jury room.

**JURY SELECTION**

The Court uses a "struck jury" system for jury selection. In most cases, the government is allowed six (6) peremptory challenges, and the defendant is allowed ten (10) peremptory challenges. The Court will select twelve (12) regular and two (2) alternate jurors. Alternate jurors are not told they are alternates; they are dismissed by the Court at the conclusion of the proofs. Consistent with Federal Rule of Criminal Procedure 24(c), alternate jurors will be identified to counsel and the parties, only, prior to jury selection. Each side will have separate additional preemptory challenges for prospective alternate jurors as set forth in the rule.

Voir dire will be conducted by the Court. Counsel should submit proposed voir dire questions in writing at least two business days before the start of trial. Attorneys may present follow up questions at a sidebar conference and, when appropriate, the Court will ask the requested follow up questions, as provided by Fed. R. Crim. P. 24(a).

**NOTE-TAKING & JUROR INVOLVEMENT**

Jurors will be allowed to take notes. The Court specifically instructs the jury in advance on this issue. Jurors who choose to take notes will be instructed that such notes are not themselves evidence but are merely aids to the juror's memory of the evidence presented at trial.

**MULTI-DEFENDANT OR MEGA TRIALS**

The Court does not have a general procedure for handling multi-defendant criminal "mega trials." For multi-defendant criminal trials, the Court encourages attorneys to work out procedures for peremptory challenges among themselves. In such trials, if counsel cannot agree among themselves, the Court will allocate peremptory challenges depending on the circumstances of the case.

**CONTINUANCES**

Continuances of trial dates or continuances during the trial will not be granted because of the unavailability of witnesses. Please notify the Court if Court intervention is necessary to secure witness attendance. Otherwise, witnesses will be expected to be available when called.

**BENCH TRIALS**

Proposed findings of fact and conclusion of law must be submitted to chambers one week before the commencement of trial.

**FINAL PRETRIAL CONFERENCE**

At the Final Pretrial Conference, counsel must be prepared to discuss all matters that will promote a fair and expeditious trial, including but not limited to: (1) a potential summary of charges to be read to the jury; (2) anticipated evidentiary issues; (3) length of trial; (4) stipulations that may obviate the need for foundation witnesses; (5) stipulations that may obviate the need to prove facts that are uncontested; (6) stipulations that may obviate the need for certain exhibits; (7) peremptory challenges; and (8) special arrangements for the presentation of witnesses and other evidence (e.g., need for interpreters, A/V needs, etc.). The defendant(s) must be present at the conference.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 9, 2026